**In re Vester L. VAN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 98–BG–26.**

District of Columbia Court of Appeals.

Submitted Feb. 25, 1999.

Decided March 18, 1999.

Before TERRY, STEADMAN, and SCHWELB, Associate Judges.

PER CURIAM:

The Board on Professional Responsibility has recommended that reciprocal discipline be imposed against Vester L. Van, Esquire, a member of our Bar, and that Van be disbarred. We adopt the recommendation of the Board.

The conduct that led to the imposition of discipline in other jurisdictions is described in *State ex rel. Nebraska State Bar v. Van,* 251 Neb. 196, 556 N.W.2d 39, 41–43 (1996) (per curiam) (*Van I*). On September 23, 1994, Van was suspended from practice for one year by the Supreme Court of Illinois for multiple acts of neglect and dishonesty vis-a-vis several of his clients in that jurisdiction. On December 5, 1996, following a reciprocal disciplinary proceeding in Nebraska, Van was disbarred in that jurisdiction on the basis of his misconduct in Illinois and his failure to cooperate in the Nebraska proceeding. *Van I, supra,* 556 N.W.2d at 42–44.

After having been suspended from practice in Illinois, Van ignored the order of suspension and continued to represent clients in court proceedings in Illinois. New disciplinary proceedings were instituted against Van, charging him, *inter alia,* with unauthorized practice of law and conduct involving dishonesty, fraud, deceit, or misrepresentation. Van did not contest the charges, but instead moved to have his name stricken from the roll of attorneys in Illinois. His motion was accompanied by an affidavit in which he acknowledged that if the charges pending against him had proceeded to a hearing, the evidence would clearly and convincingly establish that he had engaged in the misconduct with which he was charged. On December 3, 1996, the Supreme Court of Illinois entered an order striking Van's name.

Upon consideration of the proceedings in Illinois and Nebraska, the Board has recommended disbarment. Neither Bar Counsel nor Van has filed an exception to the Board's recommendation. Our review of the Board's proposed sanction is therefore extremely deferential. *See, e.g., In re Goldsborough*, 654 A.2d 1285, 1288 (D.C.1995) (articulating standard of review in reciprocal discipline case where Board's recommendation is unop-

posed). Accordingly, Vester L. Van is hereby disbarred, effective March 9, 1998.[1]

*So ordered.*

---

1. This is the date on which Van filed an affidavit in compliance with D.C. Bar R. XI, § 14(g). Van had been temporarily suspended from the practice of law in the District by an order of this court issued on January 21, 1998.